# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-00321-DGK-1 |
| | ) | |
| SHAWN A. NERO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Now before the Court is Defendant's unopposed motion to reduce his sentence pursuant to Amendment 821 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). ECF No. 34. The parties stipulate that pursuant to Amendment 821, Defendant's amended guideline range would be 84-105 months, and thus a reasonable sentence is no more than 90 months. ECF No. 34-1 at ¶¶ 3-4.

On February 5, 2019, the Court sentenced Defendant to 106 months' imprisonment. ECF Nos. 32, 33. While Defendant is eligible to be considered for a sentence reduction because his amended guideline range is lower, the Court finds the 18 U.S.C. § 3553(a) factors weigh in favor of keeping the original sentence. *See* 18 U.S.C. § 3582(c)(2). The Court is concerned about the history and characteristics of Defendant and the need to protect the public. Defendant has a history of violent behavior, including felony aggravated assault and domestic battery convictions. The Court also notes that shortly after Defendant was released on bond for the instant offense, he was arrested for criminal property damage after engaging in a verbal dispute with his significant other and punching a hole in the wall. After considering all the factors pursuant to 18 U.S.C. § 3553(a), the Court concludes that the factors of respect for the law and the need to protect the public from

further crimes of the Defendant strongly favor and support denial of this motion. Accordingly, the motion to reduce Defendant's sentence is DENIED.

**IT IS SO ORDERED.**

Date: <u>  March 1, 2024  </u>        <u>  /s/ Greg Kays  </u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT